### ELI HAYDEN *vs.* MICHAEL AHEARN.

The owner of land having upon it a house occupied by a tenant at will conveyed away the land, reserving by parol a right to remove the house within six months, and the tenant continued in possession, paying rent to him, until after the expiration of the six months, and continued in possession after an alienation of the land by his grantee. *Held*, that the second grantee might maintain a landlord and tenant process against such tenant.

Removal of the defendant and possession taken of the premises by the plaintiff, pending a landlord and tenant process, afford no defence, even if shown by an agreed statement of facts, unless pleaded *puis darrein continuance.*

ACTION on the Rev. Sts. *c.* 104, to recover a house and land in Randolph, commenced on the 7th of May 1856 before a justice of the peace, and removed at the defendant's request, and because the title to the freehold was brought in question, into the court of common pleas, and submitted to that court at September term 1857, and, on appeal, to this court, upon the following statement of facts :

On the 10th of January 1854 Simeon White conveyed this land, " with the buildings thereon," by warranty deed to Theophilus W. Whiting, who on the 19th of February 1856 conveyed the same to the plaintiff, who immediately notified the plaintiff of the sale and to quit. White, at the time of the conveyance to Whiting, reserved to himself by parol the right to remove from the land within six months next ensuing this house, then occupied by the defendant as his tenant at will, who remained in possession until December 1856, when he quitted it, having paid rent to White until December 1855, since which he has not paid any rent, and has said that he would not pay any. The premises, except the house, have been

in the plaintiff's possession ever since the conveyance to him. After the defendant left the house, the plaintiff took possession of it, and sold it to another person, who, pursuant to the conditions of sale, removed it from the land.

*J. M. Gourgas,* for the plaintiff.

*E. Avery,* for the defendant, cited *Saunders* v. *Robinson,* 5 Met. 343; *Larned* v. *Clark,* 8 Cush. 29; *Green* v. *Tourtellott,* 11 Cush. 227; *Howard* v. *Merriam,* 5 Cush. 574; *St.* 1852, *c.* 312, § 24.

SHAW, C. J. This case seems to be very clear. The defendant was tenant at will to White. White conveyed in fee to Whiting. The reservation by parol being a reservation of an interest in land by parol, was void; besides, if valid, it was a right to enter and remove the building within six months, and, not being exercised within that time, was at end. By the conveyance to Whiting, the tenancy at will from White terminated, especially after the six months; and if the defendant continued longer, he was tenant at will to Whiting, whether he paid rent or not. Whiting had the fee and the full right of possession, and therefore the defendant, if he continued by his permission, was his tenant at will. By the conveyance in fee by Whiting to the plaintiff, the tenancy at will of the defendant was determined, and the plaintiff had a right to enter; he did enter, and, the defendant not having surrendered, this process was commenced, and we think the plaintiff had a right to it. *Howard* v. *Merriam,* 5 Cush. 563.

As to the point that the plaintiff was not entitled to judgment, because during the pendency of the process he entered and took possession, it is fully answered by the case of *Crosby* v. *Wentworth,* 7 Met. 13, which decided that it must be pleaded as a plea *puis darrein continuance,* even where, as in the present case, it came up upon an agreed statement of facts.

*Judgment for the plaintiff.*